```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
EDWARD WEINBERG,

                        Plaintiff,
                                                                ORDER
        -against-                                               CV 02-5816 (TCP)(ARL)

SYNCOM PHARMACEUTICALS, INC.,

                        Defendant.
----------------------------------------------------------X
```

**LINDSAY, Magistrate Judge:**

Before the court is the application of the defendant, Syncom Pharmaceuticals, Inc. ("Syncom") requesting copies of the *in camera* affirmations and affidavits submitted to the court in connection with the cross-motions of Rosen, Leff to be relieved as plaintiff's counsel and of the plaintiff, Edward Weinberg, to have Rosen, Leff dismissed for cause. In support of its motion to withdraw as counsel, Rosen, Leff submitted two affirmations, along with a total of eight exhibits. Mr. Weinberg submitted two affidavits; one in opposition to Rosen, Leff's application to withdraw as counsel and one in support of his cross-motion. There are three exhibits attached to the Weinberg affidavits. Syncom requests that it be provided with copies of the affirmations and affidavits, which it believes may reflect the merits of the case or provide evidence of false statements made by Mr. Weinberg. That request is denied.

It should be noted at the outset that Rosen, Leff followed the correct practice, which was to serve the defendant with a bare-bones motion and to submit the supporting papers to the court for *in camera* inspection. *See Weinberger v. Provident Life and Cas. Ins. Co.,* 1998 U.S. Dist. LEXIS 19859 at *2 (S.D.N.Y. Dec. 21, 1998)(*in camera* submission appropriate to prevent party from being prejudiced by application to withdraw); *Ficom Int'l, Inc. v. Israeli Export Inst.,* 1989

U.S. Dist. LEXIS 1368, *6 (S.D.N.Y. Feb. 10, 1989)(disclosure to opposing counsel of reasons for seeking to withdraw could pose ethical problems"). To a large extent the affirmations of Rosen, Leff and the affidavits of Mr. Weinberg (collectively "the sworn statements") detail the procedural history of the case, of which the defendant is already aware. The balance of the information contained in the sworn statements outline the breakdown of the relationship between Mr. Weinberg and his former counsel and are replete with information obtained by former counsel during the attorney-client relationship. *See, Madanes v. Madanes,* 199 F.R.D. 135, 143 (S.D.N.Y. 2001); *Lugosch v. Congel,* 219 F.R.D. 220, 234 (N.D.N.Y. 2003)(attorney-client privilege recognized by federal courts under Fed. R. Evid. 501 intended to encourage party to impart all information attorney may need to give cogent advise on matter). Thus, the sworn statements have been properly withheld from the defendant.

The courts analysis therefore turns to the exhibits annexed to sworn statements. The undersigned will first address the exhibits annexed to the affirmations of Rosen, Leff. Exhibit A is the plaintiff's retainer agreement with Rosen, Leff. The retainer agreement is not relevant to the merits of this litigation, *see Forstmann Leff Assoc. V. American Brands*, 1990 U.S. Dist. LEXIS 7747 at *2 (S.D.N.Y. June 25, 1990)(retainer agreements not probative of merits of case or discoverable on the basis of credibility), and thus, need not be provided to the defendant. Exhibits B, D and E are letters exchanged between Mr. Weinberg and Rosen, Leff and are covered by the attorney-client privilege. *See Madanes v. Madanes,* 199 F.R.D. at 143 (attorney-client privilege applies to communications made in confidence by client and to communications by attorney to extent they incorporate confidential information conveyed by client).

Exhibit C, which contains three communications between Rosen, Leff and Mr.

Weinberg's daughter may also be withheld on the basis of the attorney-client privilege. Although the voluntary disclosure of a privileged communication to a third-party may waive the privilege, federal courts have recognized an exemption from the waiver where communications are shared with an agent whose role is to assist the attorney in rendering legal advice and instructions to the client. *See Lugosch*, 219 F.R.D. at 235; *see also In re Copper Market Antitrust Litigation,* 200 F.R.D. 213, 219 (S.D.N.Y. 2001)(communication between defendant's counsel and its public relations firm made for purpose of rendering legal advise protected from disclosure). Mr. Weinberg's daughter is an employment attorney practicing in Texas. It is clear from the communications that Mr. Weinberg's daughter has been assisting her elderly father in conveying relevant information to his counsel and obtaining informed legal advice. Any information disclosed to Mr. Weinberg's daughter was done in a manner consistent with the "maintenance of secrecy" and did not increase the possibility of the defendant obtaining the information. *See Lugosch*, 219 F.R.D. at 235. Accordingly, Exhibit C is also protected from disclosure.

Finally, the court has reviewed Exhibits F and G, annexed to the supporting affirmation of Rosen, Leff, Exhibit A to Mr. Rosen's affirmation in further support, and the exhibits annexed to Mr. Weinberg's affidavits, and finds that they need not be produced as they are not relevant to the litigation.

Dated: Central Islip, New York  **SO ORDERED:**
       May 6, 2005

                                                _____/s/_____
                                                ARLENE ROSARIO LINDSAY
                                                United States Magistrate Judge