```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
EDWARD WEINBERG,

                           Plaintiff,                    **REPORT AND**
                                                         **RECOMMENDATION**
            -against-                                    CV 02-5816 (TCP)(ARL)

SYNCOM PHARMACEUTICALS, INC.,

                           Defendant.
-------------------------------------------------------------X
```

**LINDSAY, Magistrate Judge:**

This matter was referred to the undersigned to issue a report and recommendation to determine the appropriate amount of attorneys' fees to be awarded the plaintiff's former law firm, Rosen, Leff, in connection with the imposition of a charging lien. Also before the court is the defendant, Syncom Pharmaceuticals' request that discovery be completed expeditiously and that the affidavits submitted in support of the motion to withdraw be disclosed to the defendants. The defendant's discovery application will be addressed in a separate order issued simultaneously with this report and recommendation.

## BACKGROUND

In July 2002, the plaintiff, Edward Weinberg, retained Rosen, Leff to represent him in connection with his age discrimination claim against the defendant, Syncom Pharmaceuticals, Inc. ("Syncom"). Rosen, Leff filed an EEOC claim on behalf of Mr. Weinberg and, on December 9, 2002, received a right to sue letter. On November 1, 2002, one month before receiving the right to sue letter, Rosen, Leff prepared and filed a complaint with this court.

On March 6, 2003, the defendant submitted a motion to change venue to the District of New Jersey. A hearing was held on the defendant's motion on March 21, 2003, at which time the

motion was denied. The defendant, thereafter, filed its answer.

On August 6, 2003, at the parties' request, the undersigned referred the case to mediation. On December 1, 2003, the parties appeared before the undersigned and reported that the mediation had been unsuccessful. Accordingly, the court entered a scheduling order that directed the parties to complete all discovery by March 12, 2004, and scheduled a final conference for March 31, 2004. This scheduling order was subsequently amended and the parties were directed to complete all discovery by July 16, 2004.

On August 27, 2004, Rosen, Leff submitted a motion seeking to withdraw as counsel. Mr. Weinberg opposed the motion and cross-moved to dismiss Rosen, Leff for cause. On December 13, 2004, Judge Platt granted Mr. Rosen's application to withdraw and referred the issue of the appropriate amount of attorneys' fees to be awarded to Rosen, Leff to the undersigned.

## DISCUSSION

Section 475 provides in part that:

> the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination.

N.Y. Judiciary Law § 475 (McKinney 2005). Section 475 governs the imposition of attorneys' charging liens by federal courts sitting in New York. *See Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 448 (2d Cir. 1998) (citations omitted). "Moreover, the Second Circuit has 'long recognized that the lien created by section 475 . . . is enforceable in

2

federal courts in accordance with its interpretation by New York courts.'" *Id.* (quoting *In re Chesley v. Union Carbide Corp.*, 927 F.2d 60, 67 (2d Cir. 1991)).

It is undisputed that Rosen, Leff performed legal services for Mr. Weinberg entitling it to a charging lien pursuant to Section 475. Judge Platt granted Rosen, Leff's motion to withdraw from this matter upon a showing of just cause. Therefore, Rosen, Leff is entitled to a charging lien. *See Klein v. Eubank*, 84 N.Y.2d 459, 462 (1996)(stating that "[i]t has long been held that attorneys who terminate their representation for just cause continue to be entitled to enforce their liens"); *c.f. Hill v. Baxter Healthcare Corporation*, 2005 U.S. Dist. LEXIS 7157 (E.D.N.Y. Feb. 7, 2005)(attorney who withdraws without good cause or is discharged with good cause not entitled to charging lien).

Rosen, Leff has not asked the court to determine the amount of the charging lien or provided the court with support for a specific award; rather, Rosen, Leff seeks "an order preserving [its] counsel fees lien in connection with this case in the event the Plaintiff is the prevailing party." *See* Rosen Aff. in Supp. at ¶ 2. The undersigned agrees that a determination of the amount of the charging lien at this time would be premature. The amount of a charging lien should be determined on a quantum meruit basis. *See Universal Acupuncture Pain Services, P.C. v. Nandi*, 370 F.3d 259, 263 (2d Cir. 2004)(recovery on quantum meruit basis called for where attorney is employed under contingent fee contract); *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 148 (2d Cir. 1998); *see also DeSalvatore v. Lavigne*, 143 A.D.2d 513 (4th Dept. 1988) (ordering quantum meruit determination). Although the right to recover in quantum meruit accrues immediately upon discharge, the Second Circuit has recognized that determining the fair and reasonable value of an attorneys' services may be postponed "if, under the particular

circumstances of the case, a more accurate determination can be made later." *Universal Acupuncture Pain Services, P.C.*, 370 F.3d at 263.

In this case, the court will in a position to better assess the benefit to the client or value of the contribution rendered by each firm at the conclusion of the case. Moreover, it would be a waste of judicial resources for the court to determine the amount of the fee, at this time, as that determination would be moot if the plaintiff fails to recovery. *See Diamond D. Construction corp v. N.Y. State Dep't of Labor*, 2004 U.S. Dist LEXIS 17198 at *38 (W.D.N.Y. Aug. 20, 2004)(courts refrain from determining amount of charging lien where it is not known whether there will be recovery).

Accordingly, the undersigned recommends that Rosen, Leff's motion for a charging lien be granted and that an amount for the charging lien be set when the matter has concluded.

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days after being served with a copy of this Report. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
May 6, 2005

_____/s/_____
Arlene Rosario Lindsay
United States Magistrate Judge